J. S42044/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
       :        PENNSYLVANIA
       Appellee    :
       :
       v.    :
       :
EDGAR WINSETT,    :
       :
       Appellant    :    No. 3572 EDA 2014

Appeal from the Order November 14, 2014
In the Court of Common Pleas of Chester County
Criminal Division No(s).: CP-15-CR-0000625-2008

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED SEPTEMBER 22, 2015**

Appellant, Edgar Winsett, appeals from the order entered in the Chester County Court of Common Pleas denying his *pro se* motion for reconsideration of sentence as untimely. Appellant's counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), with this Court. We vacate the order below, deny counsel's petition to withdraw, and remand for further proceedings.

On September 9, 2008, Appellant entered a negotiated guilty plea to criminal conspiracy to commit theft by deception and theft by unlawful taking and was sentenced to a negotiated term of six to twenty-three

---

[*] Former Justice specially assigned to the Superior Court.

months' incarceration followed by five years' probation. On December 10, 2008, Appellant was paroled.

According to the parties' briefs and the docket, the following transpired.[1] The Commonwealth filed a **Gagnon**[2] petition on February 8, 2013, which alleged Appellant violated the terms of his probation. On September 6, 2013, Lauren Holt, Esq., of the Chester County Public Defender's Office, entered her appearance. A **Gagnon II** hearing was held on October 1, 2013, and the court revoked Appellant's probation and resentenced him to five to twenty-three months' imprisonment followed by three years' probation. On October 8, 2013, the court received Appellant's *pro se* motion to modify sentence. The court did not forward Appellant's *pro se* motion to his counsel and instead denied it on October 25, 2013. The order notified Appellant he had thirty days to appeal, and the court served the order on Appellant.

On October 20, 2014, Appellant mailed a *pro se* letter to the trial court asking for "modification of the parole violation sanctions [the court] imposed on . . . Oct. 01, 2013." Ltr. from Appellant to court (Oct. 20, 2014). The

---

[1] The certified record is missing a large number of documents. "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (citation omitted).

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

court did not forward the letter to his counsel. The trial court construed this letter as a *pro se* motion for reconsideration of sentence and denied it on November 14, 2014. The order advised Appellant he had thirty days to appeal.

On December 8, 2014, Appellant, *pro se*, sent a letter to the court complaining about, *inter alia*, the lack of correspondence from his counsel. On December 10, 2014, the court responded via letter that Appellant was appointed counsel on September 6, 2013, all future correspondence with the court should be from Appellant's counsel, and the court copied Attorney Holt as a courtesy. On Monday, December 15, 2014, Attorney Holt timely filed a notice of appeal for Appellant. On December 16, 2014, Appellant's counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an **Anders** brief, which she did.

As a prefatory matter, given this procedural morass, we ascertain whether the court should have construed Appellant's *pro se* October 20, 2014 letter as a Post Conviction Relief Act[3] ("PCRA") petition and thus whether Appellant was entitled to PCRA counsel.[4] In **Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013), the defendant filed a petition for

---

[3] 42 Pa.C.S. §§ 9541-9546.

[4] As noted above, we acknowledge that Appellant's prior counsel did not withdraw from representing him and the trial court's failure to comply with Pa.R.Crim.P. 576(A)(4).

writ of *habeas corpus*, which the trial court denied after construing it as an untimely post-sentence motion. *Id.* at 464. On direct appeal, the Commonwealth claimed the defendant's petition should have been construed as an untimely PCRA petition. *Id.* at 465. This Court agreed:

> In **Commonwealth v. Fowler**, 930 A.2d 586 (Pa. Super. 2007), the learned Judge, now Justice, McCaffery, collected cases and reiterated that all motions filed after a judgment of sentence is final are to be construed as PCRA petitions. . . . More recently, in **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011), this Court held that a defendant's motion to correct his illegal sentence was properly addressed as a PCRA petition, stating broadly, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."

*Id.* at 466 (citations omitted). "[A]n untimely post-sentence motion filed after finality of judgment is to be treated as a PCRA petition." *Id.* at 467.

Instantly, Appellant was sentenced on October 1, 2013, and he filed a *pro se* motion to modify sentence on October 8th, which the court denied on October 25th. His judgment of sentence became final thirty days thereafter. Almost one year later, on October 20, 2014, Appellant filed a *pro se* motion for reconsideration of his sentence that the court should have construed as a PCRA petition. *See id.* at 466. In conjunction with the failure to comply with Pa.R.Crim.P. 576(A)(4), and trial counsel's failure to withdraw, we deem it appropriate to vacate the order below, remand to have PCRA counsel formally appointed, and have the PCRA court construe Appellant's October 20, 2014 motion as a PCRA petition. *See id.*

Order vacated. Petition to withdraw denied. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2015